UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>EDGAR FRANCISCO VILLA CASTANEDA,<br>    Defendant. | CASE NO. 5:15-CR-13-KKC<br><br>OPINION AND ORDER |

*** *** ***

This matter is before the Court on Defendant Edgar Francisco Villa Castaneda's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (DE 1037.) For the following reasons, the Court will deny his motion.

On June 6, 2016, the defendant pleaded guilty to conspiracy to distribute 1,000 kilograms or more of marijuana; and conspiracy to commit money laundering. (DE 675.) He was sentenced to 204 months of imprisonment and 5 years of supervised release on October 19, 2016. (DE 817.) In a separate matter, the defendant was convicted of one count of threatening to murder a federal official; and one count of solicitation to commit murder. (DE 1, No. 5:17-CR-18-DCR.) He was subsequently sentenced to 360 months of imprisonment to run consecutively to this matter's sentence. (DE 85, No. 5:17-CR-18-DCR.) He now moves for compassionate release on the basis of alleged medical conditions he claims serve as extraordinary and compelling reasons justifying release.

Prior to enactment of the First Step Act, courts could not grant a motion for compassionate release unless the director of the Bureau of Prisons ("BOP") filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2002). The First Step Act amended § 3582(c)(1)(A) to allow the Court to grant a motion filed by the defendant himself "after the defendant has fully

1

exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . " § 3582(c)(1)(A). The Government does not dispute that the defendant met this requirement.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The Court may grant this relief only if it finds (1) "extraordinary and compelling reasons warrant" a reduction, (2) the reduction is consistent with applicable policy statements issued by the Sentencing Commission, and (3) the reduction is consistent with applicable sentencing factors set forth in 18 U.S.C. § 3553(a). § 3582(c)(1)(A)(i); *see also United States v.* Jones, 980 F.3d 1098, 1107-8, 1111 (6th Cir. 2020).

For prong one, recent amendments to the Sentencing Guidelines provide that extraordinary and compelling reasons may exist to reduce a defendant's sentence if the defendant is suffering from a health crisis. *See* U.S.S.G. § 1B1.13(b). A health crisis does not justify release, however, where that crisis can be managed in prison and where that crisis does not affect the defendant's ability to provide self-care. *See United States v. Pratt*, No. 21-6013, 2022 WL 1294435, at *2–3 (6th Cir. Mar. 15, 2022); *see also United States v. Slone*, No. 7:12-05-KKC-4, 2021 WL 164553, at *1 (E.D. Ky. Jan. 19, 2021) (holding that inmate who suffered from heart disease and other conditions did not establish extraordinary and compelling reasons for compassionate release because his conditions did not diminish his ability to provide self-care within the prison environment).

Here, the defendant bases his motion on several medical conditions. He primarily points to his heart problems, high blood pressure, and risk of COVID-19 complications in support of his request. While the Court recognizes the severity of the defendant's conditions,

he has failed to present evidence demonstrating that his conditions have deteriorated to an extent which either: (1) prevents him from providing self-care; or (2) prevents the BOP from adequately providing him with medical care. On the contrary, the Government presents evidence that the defendant has received appropriate medical care through the BOP. (DE 1038 at 4–5.) This includes medications, lab work, weekly blood pressure checks, and necessary surgeries. (*Id.*) Accordingly, having failed to demonstrate that his medical conditions cannot be managed while incarcerated or that he cannot adequately provide self-care, the defendant presents no extraordinary and compelling reason that warrants compassionate release.

Even if the Court were to find that the defendant has presented extraordinary and compelling reasons that warrant relief, it must still consider whether the Section 3553(a) factors support the requested relief. *Jones*, 980 F.3d at 1103. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   B. to afford adequate deterrence to criminal conduct;
>   C. to protect the public from further crimes of the defendant; and
>   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
> (3) the kinds of sentences available.

18 U.SC. § 3553(a)(1)-(3). The Section 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

3

The Court considered these factors thoroughly and extensively at the defendant's sentencing and revisited those factors again for this motion. There has been no change in circumstances which would disrupt the Court's prior evaluation of these factors. Nonetheless, the Court will reiterate that the nature and circumstances of the defendant's crimes are serious and warrant a significant sentence. The defendant contributed to a large-scale drug trafficking organization responsible for the distribution of large amounts of cocaine, methamphetamine, and marijuana. (PSR ¶ 4.) The defendant admitted that he himself conspired to distribute at least 1,000 kilograms but less than 3,000 kilograms of marijuana, and 10 kilograms of cocaine. (*Id.* ¶ 91.) He further admitted to conspiring to launder approximately $25,000 worth of drug proceeds with the intent of evading reporting requirements. (*Id.*) The need to deter this criminal conduct is great. His actions, both in this case the separate action, *United States v. Villa-Castaneda*, No. 5:17-CR-18-DCR, and in accordance with the relevant § 3553 factors, weigh against compassionate release.

For the aforementioned reasons, the defendant's motion for compassionate release (DE 1037) is DENIED.

This 22nd day of April, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY